# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**JOHN ASHLEY HALE**                                                                                      **PLAINTIFF**

**VS.**                                                         **CIVIL ACTION NO. 2:06cv245-MTP**

**STATE OF MISSISSIPPI, ET AL.**                                                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the court on the Motion to Dismiss [139] filed by Christopher Epps, Mike Hatten, and Ronald King. Having considered the submissions of the parties, including the Memorandum Brief [153] filed by the Intervenor (the United States), and the applicable law, the court finds that the motion should be granted.

## FACTUAL BACKGROUND

Plaintiff John Ashley Hale, proceeding *pro se* and *in forma pauperis*, filed his civil rights Complaint [1] pursuant to 42 U.S.C. § 1983 on October 24, 2006. At the time Plaintiff filed his Complaint, he was incarcerated at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi, serving a seven-year sentence for burglary. Plaintiff is no longer incarcerated.

On June 29, 2007, Plaintiff appeared for a *Spears*[1] hearing, where he was allowed to explain and clarify his claims. *See* Transcript [115]. As set forth in his complaint and amended complaints, and as clarified by his *Spears* testimony, Plaintiff asserted claims for denial of adequate medical treatment, denial of a proper diet, and violation of Title II of the Americans With Disabilities Act ("ADA"). The parties consented to trial by the undersigned U.S. Magistrate Judge and the matter was referred for all further proceedings.

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

On November 9, 2007, the court entered an Opinion and Order dismissing the remaining claims asserted by Plaintiff pursuant to 28 U.S.C. § 1915(e)(2), and dismissed the action with prejudice.[2] *See* Opinion and Order [88]; Judgment [89]. Plaintiff appealed the court's ruling. On May 26, 2011, the Fifth Circuit vacated the portions of this court's decision addressing whether Plaintiff's allegations established violations of the Fourteenth Amendment and whether Title II of ADA validly abrogates state sovereign immunity for Plaintiff's claims.[3] The Fifth Circuit remanded the case to this court for the specific purpose to allow Plaintiff to amend his Title II allegations. *See Hale v. King*, 642 F.3d 492 (5th Cir. 2011); Certified Copy [111].

Consistent with the Fifth Circuit's opinion, the court granted Plaintiff leave to amend his Title II allegations. *See* Order [113]. Plaintiff filed his Amended Complaint [122] on September 20, 2011. Plaintiff appeared for a second omnibus or *Spears* hearing on February 14, 2012, where he was allowed to further explain and clarify his Title II claims, and confirmed that the claims were only alleged against Christopher Epps, Ron King, and Mike Hatten. *See* Transcript [135]; Omnibus Order [133].

Epps, King, and Hatten filed their Motion to Dismiss [139] on May 15, 2012, and Plaintiff filed his Response [142] in opposition on May 24, 2012. On June 13, 2012, the United States filed a Notice of Intervention [145], and filed its Memorandum [153] in opposition to the Motion to Dismiss [139] on August 13, 2012. The movants having filed their Reply [156] on

---

[2]Various claims and Defendants were dismissed by previous orders. *See* Orders [8][48].

[3]The Fifth Circuit initially affirmed this court's judgment. *See Hale v. King*, 624 F.3d 178 (5th Cir. 2010); Certified Copy of Judgment [108]. After the United States, as Intervenor, moved for a rehearing, the Fifth Circuit withdrew its previous opinion, substituting it with the May 26, 2011 opinion. *See Hale v. King*, 642 F.3d 492 (5th Cir. 2011)

October 3, 2012, this matter is now ripe for consideration.

## STANDARD

In evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "[t]he complaint must be liberally construed in favor of the Plaintiff, and all facts pleaded in the complaint must be taken as true." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). However, in order to survive a motion to dismiss, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (holding that "dismissal for failure to state a claim upon which relief may be granted *does not require* appearance, beyond a doubt, that plaintiff can prove no set of facts in support of claim that would entitle him to relief," abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)) (emphasis added); *see also In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678.

In general, the court may not look beyond the pleadings when deciding a motion to dismiss. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994). However, a court may refer to matters of public record and documents attached or referred to in the complaint. *See Cinel*, 15 F.3d at 1343 n.6; *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

## ANALYSIS

In his Amended Complaint [122], Plaintiff states that he suffered from numerous

disorders during his incarceration, including chronic depression, post-traumatic stress disorder (PTSD), antisocial personality disorder, intermittent explosive disorder, chronic back pain due to degenerative disc disease, and Hepatitis-C. He states that these disorders and conditions limit and interfere with his major life activities and that the MDOC staff denied him access to educational programs and jobs because of the disorders. He claims his chronic depression and PTSD interfere with his sleep and appetite, and his PTSD affects the way he interacts with others.

Plaintiff claims "there has always been a record of the disorders." Amendment [122] at 2. In his Amendment [122], he claims the disorders/disabilities limited his ability to work, sleep, learn, etc., and that he was denied access to jobs and educational programs due to MDOC policies, customs, and practices. *Id*. At his second *Spears* hearing, however, Plaintiff testified that despite his classification by the MDOC as disabled, he was actually able and willing to work and go to school, but was denied access to these opportunities. *See* Transcript [135] at 13-15. He further testified that neither his back problems, his psychiatric problems, or his Hepatitis-C kept him from performing his daily life activities, like sleeping, eating, walking, etc. *Id.* at 18-22.

Plaintiff further claims he was denied access to the restitution center due to how "they" perceived his disorders to limit his ability to work. He claims he was denied access to programs at SMCI due to his classification as medical class III and psychiatric C, and thus, he was disabled. He states that the MDOC classified him as disabled, thus it is clear they perceived him as disabled. *See* Amendment [122] at 2; Transcript [135].

In their Memorandum Supporting their Motion to Dismiss [140], Defendants claim, *inter*

4

*alia*, that Plaintiff has failed to state a claim under Title II of the ADA. Specifically, Defendants urge that Plaintiff has failed to allege that he was suffering from a "qualifying disability" under Title II. In the Intervenor's Memorandum [153], the United States takes no position on whether Plaintiff's amended allegations state a Title II claim. *See* Memo. [153] at 11.[4]

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. In order to establish a cause of action under Title II of the ADA, Plaintiff must establish:

> (1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits or discrimination is by reason of his disability.

*Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671-72 (5th Cir. 2004).

Under Title II of the ADA, "disability" is defined as "'(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment.'" *Hale v. King*, 642 F.3d 492, 499–500 (5th Cir. 2011) (quoting *Dupre v. Charter Behavioral Health Sys. of Lafayette, Inc.*, 242 F.3d 610, 613 (5th Cir. 2001) (quoting former 42 U.S.C. §

---

[4]Rather, the United States intervened to defend the constitutionality of Title II's abrogation of sovereign immunity. *Id.*

12102(2)).[5]

Plaintiff has failed to allege facts sufficient to allow the court to reasonably infer that he has a physical or mental impairment that substantially limits one or more major life activities. "Major life activities" include "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *Hale*, 642 F.3d at 500 (quoting 29 C.F.R. § 1630.2(i) (2010)). While Plaintiff states in his Amendment [122] that his psychiatric disorders, back problems, and Hepatitis-C limited his ability to work, sleep, learn, etc., he testified during his second *Spears* hearing that neither his back problems, his psychiatric problems, or his Hepatitis-C kept him from performing his daily life activities, like sleeping, eating, walking, etc. *See* Transcript [135] at 18-22.[6] He further testified that he was able and willing to work and go to school. *Id.* at 13-15. Accordingly, Plaintiff fails to meet the ADA's definition of "disability" under subsection (A) above.

In order to meet the definition of "disability" under subsection (B) above, Plaintiff must allege that there is a record of a physical or mental impairment that substantially limits one or more of his major life activities. *Hale*, 642 F.3d at 499–500. While Plaintiff has sufficiently alleged that there is a record of his impairments (Hepatitis-C, back problems, and psychiatric problems), he has failed to sufficiently allege that any of these impairments substantially limit

---

[5]As noted by the Fifth Circuit, Congress amended the ADA with the ADA Amendments Act of 2008 (ADAAA). However, because Plaintiff's allegations involved conduct occurring prior to the effective date of the ADAAA, and it is not retroactive, the court must determine whether Plaintiff was disabled under the ADA prior to its amendment. *Hale*, 642 F.3d at 499–500.

[6]*See Hurns v. Parker*, 165 F.3d 24, No. 98-60006, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

one or more major life activities. Indeed, as stated above, he testified just the opposite at the *Spears* hearing.

Finally, in order to meet the definition of "disability" under subsection (C) above, Plaintiff must allege that the Defendants regarded him as having a physical or mental impairment that substantially limits one or more major life activities. *Hale*, 642 F.3d at 499–500. "To meet this standard, a plaintiff must show either that '(1) a covered entity mistakenly believes that a person has a physical impairment that substantially limits one or more major life activities, or (2) a covered entity mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities.'" *Hale*, 642 F.3d at 502 (quoting *Kemp v. Holder*, 610 F.3d 231, 237 (5th Cir. 2010)).

As previously stated, Plaintiff claims he was denied access to the restitution center due to how "they" perceived his disorders to limit his ability to work. He claims he was denied access to programs at SMCI due to his classification as medical class III, psychiatric C, and thus, he was disabled. He states that the MDOC classified him as disabled, thus it is clear they perceived him as disabled. *See* Amendment [122] at 2; Transcript [135]. Plaintiff made substantially similar allegations during his first *Spears* hearing,[7] and the Fifth Circuit found that it could not

---

[7]In Plaintiff's original *Spears* hearing, he testified as follows about his ADA claims:

> What it is is when they make you a medical class three or if you're a psychiatric C, they have a custom or practice—I don't know if it's a written policy or just a custom or practice—but they will not let you go to the satellite. They will not let you go to the regional facilities or private facility or anything like that. They just warehouse you right there in that one spot. You can't—no chance for advancement. They denied me going to school. I tried to get a job in the central kitchen. They said, "Naw, you can't get it because you're a psychiatric C, medical class three."

7

"reasonably infer from these facts that the Appellees regarded Hale as disabled." *Hale*, 642 F.3d at 502. Rather, the Fifth Circuit concluded Plaintiff's "allegations only establish that the Appellees denied him access to prison programs and facilities because of his impairments . . . and do not establish that the Appellees actually perceived Hale as having more of an impairment than he actually had or regarded him as being substantially limited in any major life activity." *Id.* Plaintiff testified during his second *Spears* hearing that he could not go to the satellite facility to work because "they say you can't go there if you're on medication because they don't want to give medication out." Transcript [135] at 35. When asked if there was anything particular that Defendants or MDOC staff communicated to Plaintiff that they didn't think he was capable of doing, Plaintiff responded, "They just told me I couldn't participate in any of it. They didn't get particular about it." *Id.* at 40.

Based on Plaintiff's Amendment [122] and testimony at the second *Spears* hearing, the court cannot reasonably infer that the Defendants mistakenly believed that Plaintiff had a physical or mental impairment that substantially limited one or more major life activities or mistakenly believed that an actual, nonlimiting impairment substantially limited one or more of his major life activities. *See Kemp*, 610 F.3d at 237. As the Fifth Circuit initially concluded based on substantially similar allegations, Plaintiff's amended allegations suggest he "was denied access to the restitution center because the center lacked the capacity to treat Hale's impairments, not because the Appellees perceived Hale's impairments to substantially limit a major life activity." *Hale*, 642 F.3d at 503. The "sheer possibility" that Defendants regarded Plaintiff as having such an impairment is not enough to meet the plausibility standard. *See*

---

*See* Transcript [115] at 33-34.

*Ashcroft*, 556 U.S. at 678.

Based on the foregoing, Plaintiff has failed to allege facts sufficient to allow the court to reasonable infer that he is "disabled" within the meaning of Title II of the ADA, under any of the subsections set forth above. Thus, he has failed to meet the first requirement to establish a cause of action under Title II of the ADA, and the court need not address the other two requirements. *See Melton*, 391 F.3d at 671-72.

## CONCLUSION

For the reasons set forth herein, Plaintiff has failed to plead enough facts to state a claim for a violation of Title II of the ADA that is plausible on its face. *See Twombly*, 127 S. Ct. at 1974; *Ashcroft*, 556 U.S. at 678.

IT IS, THEREFORE, ORDERED:

1. That the Motion to Dismiss [139] filed by Christopher Epps, Mike Hatten, and Ronald King is GRANTED and this matter is dismissed with prejudice.

2. A separate judgment will be entered.

SO ORDERED this the 15th day of January, 2013.

s/ Michael T. Parker
United States Magistrate Judge